**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL P. REYES, | No. 22-15232 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-01158-DAD-HBK |
| v. | |
| PATRICIA ROUCH, Nurse Practitioner at Corcoran State Prison; OLIVIA BORBOLLA, Registered Nurse at Corcoran State Prison; EDGAR CLARK, Medical Doctor at Corcoran State Prison; G. RODRIGUEZ, Registered Nurse at Corcoran State Prison, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 14, 2023[**]

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Abel P. Reyes appeals pro se from the district court's judgment dismissing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Reyes's action because Reyes failed to allege facts sufficient to show that defendants were deliberately indifferent to Reyes's pain, elevated blood pressure, and withdrawal symptoms. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard a risk to the prisoner's health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging deliberate indifference based on delay in treatment must show that the delay caused significant harm).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

22-15232

Reyes's request for an order revoking defendants' medical licenses and certifications, set forth in the opening brief, is denied.

**AFFIRMED.**